1

2

3

4

5

6

7

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 ✓
JS-2/JS-3 _____
Scan Only_____

8

9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

10

11   LARRY JONES,

12                    Plaintiff

13          v.

14   TERRANCE GAINES,

15                    Defendant.

16

CASE NO. 16-4351-RGK (AGRx)

ORDER REMANDING CASE TO
STATE COURT

17      The Court sua sponte **REMANDS** this action to the California Superior Court for

18   the County of Los Angeles for lack of subject matter jurisdiction, as set forth below.

19      "The right of removal is entirely a creature of statute and 'a suit commenced in a

20   state court must remain there until cause is shown for its transfer under some act of

21   Congress.'" Syngenta Corp Protection, Inc. v. Henson, 537 U.S. 28, 32 (2002) (quoting

22   Great Northern R. Co. v. Alenxander, 246 U.S. 276, 280 (1918)).  Where Congress has

23   acted to create a right of removal, those statutes are strictly construed against remnoval

24   juridiction. Id.; Nevada v. Bank of America Corp., 672 F.3d 661, 667 (9th Cir. 2012);

25   Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

26      Unless otherwise expressly provided by Congress, a defendant may remove "any

27   civil action brought in a State court of which the district courts of the United States have

28

1  original jurisdiction." 28 U.S.C. § 1441(a); <u>Dennis v. Hart</u>, 724 F.3d 1249, 1252 (9th Cir.

2  2013).  The removing defendant bears the burden of establishing federal jurisdiction.

3  <u>Abrego Abrego v. Dow Chemical Co.</u>, 443 F3d 676, 682 (9th Cir. 2006); <u>Gaus</u>, 980 F2d

4  at 566-67.  "Under the plain terms of  § 1441(a), in order properly to remove [an] action

5  pursuant to that provision, [the removing defendant] must demonstrate that original

6  subject-matter jurisdiction lies in the federal court."  <u>Syngenta Crop Protection</u>, 537 U.S.

7  at 33.  Failure to do so requires that the case be remanded, as "[s]ubject matter

8  jurisdiction may not be waived, and . . . the district court must remanded if it lacks

9  jurisdiction."  <u>Kelton Arms Condo. Owner's Ass'n v Homestead Ins. Co.</u>, 346 F3d 1190,

10  1192 (9th Cri. 2003).  "If at any time before final judgment it appears tha the district

11  court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C  § 1447(c).

12  It is "it is elementary that the subject matter jurisdiction of the district court is not a

13  waivable matter and may be raised at anytime by one of the parties, by motion or in the

14  responsive pleadings, or *sua sponte* by the trial or reviewing court." <u>Emrich v. Touche</u>

15  <u>Ross & Co.</u>, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).

16      From a review of the Notice of Removal and the state court records provided, it is

17  evident that the Court lacks subject matter jurisdiction over the instant case, for the

18  following reasons.

19  ☒ No basis for federal question jurisdiction has been identified:

20      ☒ The Complaint does not include any claim "arising under the Constitution,
        laws, or treaties of the United States." 28 U.S.C. § 1331.[1]
21

22      ☒ Removing defendant(s) asserts that the affirmative defenses at issue give rise to
        federal question jurisdiction, but "the existence of federal jurisdiction depends
23       solely on the plaintiff's claims for relief and not on anticipated defenses to
         those claims." <u>ARCO Envtl. Remediation, L.L.C. v. Dept. of Health and</u>
24       <u>Envtl. Quality</u>, 213 F.3d 1108, 1113 (9th Cir. 2000). An "affirmative defense
         based on federal law" does not "render[] an action brought in state court
25       removable." <u>Berg v. Leason</u>, 32  F.3d 422, 426 (9th Cir. 1994). A "case may
26

27

    [1] The Protecting Tenants at Foreclosure Act does not create a private right to action.
28  *Logan v. US Bank N.A.*, 722 F3d 1163, 1169-73 (9th Cir. 2013).

1

2

3

4

not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 14 (1983).

5

6

☒ The underlying action is an unlawful detainer proceeding, arising under and governed by the laws of the State of California.

7

☒    No basis for Removal under 28 U.S.C. § 1443(1).

8

9

10

11

12

13

14

15

Defendant asserts that he has performed a "civil rights removal" pursuant to 28 U.S.C. § 1443(1). "A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel,* 384 U.S. 780, 788-92, 794-804 (1966) and *City of Greenwood, Miss. v. Peacock,* 384 U.S. 808, 824-28 (1966). 'First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights.' *California v. Sandoval,* 434 F.2d 635, 636 (9th Cir.1970). 'Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.' *Id.*" *Patel v. Del Taco, Inc.,* 446 F.3d 996, 998-99 (9th Cir. 2006.)

16

17

18

19

20

Whether or not Defendant's petition for removal satisfies the first part of the § 1443(1) removal test, it clearly does not satisfy the second  Like the removing defendants in *Patel,* he "point[s] to no formal expression of state law that prohibits [him] from enforcing [his] civil rights in state court[,] nor do[es] [he] point to anything that suggests that the state court would not enforce [his] civil rights in the state court proceedings." *Id.* at 999.

21

22

☒    Diversity jurisdiction is lacking:

23

☒ Every defendant is not alleged to be diverse from every plaintiff. 28 U.S.C. § 1332(a).

24

25

26

27

☒ The Complaint does not allege damages in excess of $75,000, and removing defendant(s) has not plausibly alleged that the amount in controversy requirement has been met. Id.; see Dart Cherokee Basin Operating Co., LLC v. Owens, No. 13-719, 2014 WL 7010692, at *6 (U.S. Dec. 15, 2014).

28

1

☒ The underlying unlawful detainer action is a limited civil action that does not exceed $25,000.

2

3

IT IS THEREFORE ORDERED that this matter be, and hereby is, REMANDED to the

4

Superior Court of California listed above, for lack of subject matter jurisdiction.

5

6 **IT IS SO ORDERED.**

7 Date: _____JUN 2 8 2016_____

8

_____

United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28